ORIGINAL

# In the United States Court of Federal Claims

No. 15-884C

(Filed: October 2, 2015)

FILED
OCT - 2 2015
U.S. COURT OF
FEDERAL CLAIMS

```
*********************************
                                )   Purported claims of patent infringement and
ROBERT LEE MANNING, JR., et al.,)   taking of intellectual property; application to
                                )   proceed in forma pauperis; scope and
              Plaintiffs,       )   administration of 28 U.S.C. § 1915;
                                )   frivolous claims
       v.                       )
                                )
UNITED STATES,                  )
                                )
              Defendant.        )
                                )
*********************************
```

Robert Lee Manning, *pro se*, Los Angeles, CA.

Benjamin S. Richards, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and John Fargo, Director, and Gary L. Hausken, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff Robert Lee Manning, Jr., seeks monetary damages of more than a trillion dollars from the United States for infringement of "intellectual property," fraud, and discrimination. Compl. ¶ 33.[1] Mr. Manning alleges that he invented an interstellar spaceship and weather machine, and that the United States has infringed upon or taken this intellectual property, fraudulently prevented him from capitalizing on that property, and discriminated against him as a black man from conducting business using that property. Compl. ¶¶ 26, 28-31, 33. Mr. Manning appears *pro se*, and he has applied for leave to proceed *in forma pauperis*. Pl.'s Appl. to Proceed *In Forma Pauperis*, ECF No. 2. The government opposes the application, asserting that this court has the authority to deny the application and dismiss the case as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See* Def.'s Resp. in Opp'n to Mot. for Leave to Proceed *In*

---

[1] Mr. Manning also lists NOCH Technological Scientific Research Institute, Inc. as a plaintiff, but the court will ignore that inclusion because, under the court's rules, "[a]n individual who is not an attorney may represent oneself . . . but may not represent a corporation . . . in any proceeding before this court." Rule 83.1(a)(3) of the Rules of the Court of Federal Claims.

*Forma Pauperis*, ECF No. 5. The government's opposition raises issues about the scope and application of Section 1915.

## STANDARDS FOR DECISION

Section 1915 of Title 28 enables federal courts to allow a person to commence an action without prepayment of court fees, so long as the person provides a sworn affidavit establishing his or her inability to pay:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by *a person* who submits an affidavit that includes a statement of all assets *such prisoner* possesses that *the person* is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that *the person* is entitled to redress.

28 U.S.C. § 1915(a)(1) (emphasis added).[2] Paragraph (a)(1) of Section 1915 injects an element of confusion into application of this statutory provision by alternating between the word "person" and "prisoner" when referring to *in forma pauperis* applicability. *See Schagene v. United States*, 37 Fed. Cl. 661, 662 (1997).[3] This ambiguity extends to Subsection 1915(e), which authorizes federal courts to dismiss frivolous or malicious actions:

> (e)(1) . . .
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal–
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[2] By its terms, Subsection 1915(a) applies only to a "court of the United States." Pursuant to 28 U.S.C. § 2503(d), the Court of Federal Claims is a "court of the United States" for the purpose of Section 1915. *See Matthews v. United States*, 72 Fed. Cl. 274, 277 (2006).

[3] Section 1915 distinguishes between persons and prisoners throughout. Some provisions apply only to prisoners, whereas others apply to all persons. Subsection 1915(b) creates a special rule for prisoner filers, requiring the court to assess and collect fees from prisoners based on a formula incorporating prisoners' accounts. Paragraph 1915(b)(1) does not use the term "person" at all, but instead refers only to a "prisoner." In contrast, Paragraph 1915(e)(1) permits the court to appoint counsel for "any person" and does not use the term "prisoner."

28 U.S.C. § 1915(e). Nonetheless, the scope of the statute becomes evident upon an examination of the origin and chain of amendments made to the text over time.

### A. *Who Is a "Person" within the Meaning of Section 1915?*

The current version of Section 1915 is the product of several amendments made by Congress as part of the Prison Litigation Reform Act of 1995.[4] The prior statute, enacted in 1948, allowed for filing by "a person." Indeed, since 1892 the United States Code has provided avenues for *in forma pauperis* filings. *See* Ben. C. Duniway, *The Poor Man in the Federal Courts*, 18 Stan. L. Rev. 1270 (1966). The 1892 statute applied to citizen-plaintiffs, providing that "any citizen of the United States, entitled to commence any suit or action in any court of the United States, may commence and prosecute to conclusion any such suit or action without being required to prepay fees or costs." Act of July 20, 1892, ch. 209, §1, 27 Stat. 252.[5] Congress re-wrote the statute in 1948, expanding it to cover all persons, including defendants, and codifying it at Section 1915 in Title 28: "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by *a person* who makes affidavit that he is unable to pay." 28 U.S.C. § 1915(a) (1995) (originally enacted as Act of June 25, 1948, ch. 646, 62 Stat. 954) ("1948 Act") (emphasis added). The 1948 Act thus applied broadly to persons. *See McTeague v. Sosnowski*, 617 F.2d 1016, 1019 (3d Cir. 1980) (applying the 1948 Act to a non-prisoner filing); *see also* Duniway, *supra*, at 1286 (observing the unique problem of frivolous prisoner filings under the statute).

When Congress enacted the Prison Litigation Reform Act of 1995, it did not re-write Section 1915 but instead amended it to add rules for prisoner filings. *See Leonard v. Lacy*, 88 F.3d 181, 183-84 (2d Cir. 1996) (Newman, J.) (providing a line-by-line listing of the 1995 Act's revisions to the text of Section 1915). The 1995 Act inserted the phrase "such prisoner possesses" into Paragraph 1915(a)(1) while also leaving intact the requirement in the original 1948 Act that "a person" file an "affidavit" regarding his or her inability to pay. *Id.* In the Second Circuit's opinion in *Lacy*, the court even inserted a notation of "sic" next to the phrase "such prisoner" in the court's quotation of Paragraph 1915(a)(1), signaling that the court thought that the reference to "such prisoner" was an error. *Id.*; *see also Schagene*, 37 Fed. Cl. at 662 n.2 (commenting that there are actually two errors in Paragraph 1915(a)(1) because "such prisoner" was an error and the word "and" should appear after the word "possesses" in the statute). As other courts have observed, "the purpose of the [Prison Litigation Reform Act], as reflected by its title, is to curtail inmate litigation," implying that Congress did not intend to affect filings by

---

[4]The Prison Litigation Reform Act of 1995 was actually enacted in 1996 as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321.

[5]In his article, Judge Duniway traced the history of *in forma pauperis* statutes in the English-speaking nations back to a statute adopted during the reign of Henry VII in England. *See* Duniway, *supra*, at 1271 (citing Act, 1494, 11 Hen. 7, c. 12).

3

non-prisoners. *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997) (citing H.R. Rep. No. 104-378, at 166, for the proposition that the act was intended "to discourage frivolous and abusive prison lawsuits").

In light of this evolution of Section 1915, it would be improper to assume that by adding the phrase "such prisoner" in Paragraph 1915(a)(1), Congress intended to repeal by implication the century-old authorization for *in forma pauperis* filing by persons generally. *See Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997) ("The appearance of the phrase 'such prisoner,' without more, cannot reasonably be interpreted as effecting such a sweeping change.").[6] Accordingly, Section 1915 should be applied to prisoners and non-prisoners alike, and the phrase "such prisoner" should be interpreted as "such person." *Floyd*, 105 F.3d at 277; *see also Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997). The Federal Circuit has in effect endorsed this construction of Section 1915 in a non-precedential decision. *See Jackson v. United States*, ___ Fed. Appx. ___, ___, 2015 WL 2343625, at *2 (Fed. Cir. May 18, 2015) (affirming a Court of Federal Claims dismissal of a non-prisoner's complaint for frivolousness under Subparagraph 1915(e)(2)(B)); *see also Dziekonski v. United States*, 120 Fed. Cl. 806, 811 (2015) (granting an application to proceed *in forma pauperis* under Paragraph 1915(a)(1)); *Hayes v. United States*, 71 Fed. Cl. 366, 368 (2006) (same).

### B. *What Is a Frivolous Case?*

Although Section 1915 removes the burden of paying filing fees in appropriate cases, it imposes limitations affecting certain types of claims. Of relevance here, a "court shall dismiss the case at any time" if the action or appeal to be filed *in forma pauperis* "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). In contrast to a motion to dismiss for failure to state a claim, which requires the court to assume the truth of allegations in the complaint, Clause 1915(e)(2)(B)(i) gives courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Judy v. Obama*, 601 Fed. Appx. 620, 623 (10th Cir. 2015) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Brodzki v. Tribune Co.*, 481 Fed. Appx. 705, 706 (3d Cir. 2012) (same). A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible." *Jackson*, 2015 WL 2343625, at *2 (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)) (affirming dismissal of a complaint "seeking $10 billion from the United States for the use of [plaintiff's] purported hurricane prevention device."). Claims of this sort rest on "allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 33 (internal citations and quotation marks omitted); *see also Jones v. United States*, 122 Fed. Cl. 543, 545-46 (2015) (dismissing a frivolous claim by a prisoner, based upon screening conducted pursuant to 28 U.S.C. § 1915A); *McCullough v. United States*, 76 Fed. Cl. 1, 3 (2006) (dismissing a factually frivolous claim by a non-prisoner).

The court may not, however, dismiss a complaint merely because the allegations are "improbable" or "unlikely." *Denton*, 504 U.S. at 33; *see also Neal v. United States*, No. 13-31C,

---

[6]Acceptance of an implied repeal of the preexisting version of Section 1915(a) would be strongly disfavored. *See Foreman v. United States*, 60 F.3d 1559, 1563 (Fed. Cir. 1995).

4

2013 WL 1801673, at *3 (Fed. Cl. Apr. 29, 2013) ("[T]he court must exercise caution, and cannot dismiss an *in forma pauperis* complaint 'simply because the court finds the plaintiff's allegations unlikely.'") (quoting *McCullough*, 76 Fed. Cl. at 3 (in turn quoting *Denton*, 504 U.S. at 33)).

### C. *If a Case Is Frivolous, Should the Court Grant or Deny the* In Forma Pauperis *Application?*

Courts are split as to whether an *in forma pauperis* application should be granted or denied if the court finds the filing is frivolous. *Compare Kenney v. Prime Recruitors Trucking Co.*, 611 Fed. Appx. 370 (8th Cir. 2015) (reversing district court's denial of application because of frivolous claims), *with Wartman v. Branch 7, Civil Div., Cnty. Court*, 510 F.2d 130, 134 (7th Cir. 1975) ("[A] district judge should deny leave to proceed in forma pauperis if an action is frivolous or malicious.").

The text of the statute, however, requires that the court deny an *in forma pauperis* application if, in connection with or prior to ruling on the application, the court finds the case is frivolous. Paragraph 1915(e)(2) provides plainly the court "shall" dismiss the case "at any time" if the court determines the complaint is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). The phrase "at any time" indicates that the court is not restricted as to when the case may be dismissed. The only condition is that the court find the action to be frivolous. And, the court has no discretion once it determines a filing is frivolous because a frivolous case "shall" be dismissed. The Federal Circuit has emphasized this "obligat[ion] to dismiss" complaints that are factually frivolous. *Jackson*, 2015 WL 2343625, at *2 (citing *Neitzke*, 490 U.S. at 327 (1989)).

This result is supported by the Supreme Court's opinion in *Neitzke*, which observed that "[d]ismissals on these [frivolousness] grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324. Paragraph 1915(e)(2) thus serves as a screening mechanism to preserve public resources, because if the application "is granted and the complaint filed, the matter cannot be dismissed until summons has issued." *Wartman*, 510 F.2d at 134.[7]

Consequently, the court is not persuaded by the Eighth Circuit's holding in *Kenney*, 611 Fed. Appx. at 370, that the *in forma pauperis* application must be decided prior to examining the complaint for frivolousness. *Kenney* cites *Forester v. Calif. Adult Auth.*, 510 F.2d 58, 60 n.2 (8th Cir. 1975) for support, but the *Forester* opinion is inapposite because it interpreted the 1948 version of Section 1915, which provided merely that courts "may" dismiss frivolous *in forma*

---

[7]Additionally, the Fifth Circuit has held that "dismissals under the *in forma pauperis* statute are . . . denials of *in forma pauperis* status." *Marts v. Hines*, 117 F.3d 1504, 1505-06 (5th Cir. 1997) (en banc) (citing *Denton*, 504 U.S. at 34 (explaining that "dismissal is not a dismissal on the merits, but rather an exercise . . . under the *in forma pauperis* statute" that "does not prejudice the filing of a paid complaint making the same allegations")). "Typically, but not exclusively, such dismissals may serve as *res judicata* for subsequent *in forma pauperis* filings, but they effect no prejudice to the subsequent filing of a fee-paid complaint making the same allegations." *Id.*

*pauperis* cases. *Forester* concluded that the 1948 Act gave courts "discretion" and thus that the "better practice" was to grant the application first, so that an appellate record could be developed. *See Forester*, 510 F.2d at 60. But today, Paragraph 1915(e)(2) provides that courts "shall" dismiss an *in forma pauperis* filing if it is frivolous, fails to state a claim, or is against an immune defendant. It leaves little room for discretion.[8]

### D. *Summary of Paragraph 1915(e)(2)*

Section 1915 applies to all *in forma pauperis* filings, not only prisoner filings. If at any time the court determines the case to be frivolous or malicious, it must dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(i). And if the *in forma pauperis* application has not already been granted, the court cannot grant the application after finding the case to be frivolous or malicious. Instead, it must deny the application and dismiss the case. If the court cannot make an initial determination of frivolousness, it may be appropriate to grant the *in forma pauperis* application, only to dismiss the case later upon making such a finding. But if the application is pending when the court determines the case is frivolous, it may not be granted.

## ANALYSIS

Mr. Manning generally alleges that he has invented an interstellar spaceship and that the United States has somehow taken or infringed upon his intellectual property, citing tax returns as evidence of the spaceship. Compl. ¶¶ 4, 10, 16. The complaint also alleges that Mr. Manning has built a "weather machine" that the United States has used without compensating him. Compl. ¶ 12. These allegations are factually frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). *See Jackson*, 2015 WL 2343625, at *2 (dismissing case as frivolous when complaint alleged ownership of device that prevents hurricanes). Similarly, Mr. Manning's allegations of fraud on the part of governmental actors in connection with this purported intellectual property are without any factual foundation, as is his claim of discrimination based on his race.

---

[8]One could argue that the language in Subsection 1915(e) that the court "shall dismiss the case" presumes that a "case" has been filed, and thus implies that the application has been granted. One might further argue that the text in Subsection 1915(e) that the case shall be dismissed "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid" implies that the application has first been granted, because it assumes the litigant might have paid a reduced fee. However, the use of the word "may" demonstrates that it is proper to dismiss a case regardless of a filing fee. Thus, the reference to "any filing fee . . . that may have been paid" is best read as meaning that "even though an initial examination did not result in a finding of frivolity or malice, if it should later be determined that the action is frivolous or malicious there may be a dismissal of the complaint." *Wartman*, 510 F.2d at 132. A court may not realize a case is frivolous until after the application to proceed *in forma pauperis* has been granted. But this does not change the fact that if the court finds the case to be frivolous prior to ruling on the *in forma pauperis* application, the court must deny the application.

Because the court finds that Mr. Manning's claims are frivolous, it is obligated to dismiss the case and to deny his application to proceed *in forma pauperis*.

## CONCLUSION

For the reasons stated, the plaintiff's application to proceed *in forma pauperis* is DENIED and the complaint is DISMISSED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge